[863 NYS2d 800]

In the Matter of JASON MOROFF (Admitted as JASON ADAM MOROFF), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 16, 2008

## APPEARANCES OF COUNSEL

*Rita E. Adler,* Hauppauge (*Nancy B. Gabriel* of counsel), for petitioner.

*Robert A. Ungar,* Garden City (*Louis Gerstman* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated December 8, 2006, containing six charges of professional misconduct. This is a companion case to *Matter of Shapiro* (55 AD3d 291 [2008] [decided herewith]). After a preliminary conference on June 5, 2007, and a hearing on September 24, 2007, Special Referee Mulholland sustained all six charges. The Grievance Committee now moves to confirm the report of the Special Referee and to impose such discipline as the Court may deem just and proper. The respondent cross-moves to confirm in part and disaffirm in part the report of the Special Referee, and to impose a sanction no greater than a public censure.

Charge one alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, by submitting, to the District Court, Suffolk County, Third District, two reply affirmations requiring his attestation which, pursuant to his instructions, were signed by someone else, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

In or about 2004, the respondent, in his capacity as an associate at a Nassau County law firm (hereinafter the law firm), filed affirmations in seven actions pending in the District Court, Suffolk County, Third District, before Judge Toni A. Bean, under the caption *MZ Dental, P.C. v Progressive Northeastern Ins. Co.* The plaintiffs, represented by the law firm, moved for summary judgment in each of those actions, which involved the assignment of first-party no-fault benefits. The defendants cross-moved for summary judgment and to disqualify attorney Edward Shapiro under the witness-advocate rule on the ground that he, a member of the law firm, would have to testify in order to establish a material element of each plaintiff's causes of action. Each motion submitted by the law firm contained an af-

firmation averring that the plaintiffs' no-fault claims were personally mailed by attorney Edward Shapiro on a particular day. The affirmations were submitted to establish timely mailing of each plaintiff's claim. The respondent's affirmations in opposition to that branch of the defendants' motion which was to disqualify Shapiro, however, indicated that a nonattorney employee had submitted the claims.

As a result of a hearing held on November 19, 2004, dissimilarities were found in the signature of the respondent on various papers filed with the court. The respondent admitted that on at least two occasions, he had instructed someone in the law firm to sign his name to documents which required his attestation.

In an order dated December 23, 2004, Judge Bean found that the actions of Edward Shapiro and the respondent in submitting the fraudulent signatures constituted part of a pattern of deceptive practices. The court ruled that Edward Shapiro's failure to sign the affirmations nullified the plaintiffs' motions for summary judgment and required their denial. The court found the conduct of Edward Shapiro and the respondent to be frivolous, pursuant to 22 NYCRR 130-1.2, in that they demonstrated an intent to deceive the court and their adversaries, and imposed a total sanction in the sum of $35,000.

Charge two alleges that the respondent engaged in conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the factual specifications of charge one.

Charge three alleges that the respondent engaged in conduct that is prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), based on the factual specifications of charge one.

Charge four, as amended by stipulation of the parties dated September 24, 2007 (hereinafter the stipulation), alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by filing in the Civil Court of the City of New York documents requiring his attestation, upon which another signed his name, pursuant to his direction, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

Fern A. Fisher, Administrative Judge of the Civil Court of the City of New York, directed the respondent to appear before

Justice Jeremy S. Weinstein for a series of status conferences concerning 27,729 cases filed by his law firm in the Civil Court in Bronx, Queens, and New York Counties. That directive was in response to a letter dated January 21, 2005, sent by counsel for Edward Shapiro on behalf of the respondent, Shapiro, and the law firm, in which four categories of problems in cases filed by the law firm with the Civil Court were admitted. These consisted of: verified complaints that were not signed by the member of the law firm identified or designated on the document, motions for summary judgment which contained affirmations of mailing of the first-party claims, which were not actually signed by the member of the law firm whose name they bore, notices of trial filed in some cases that were not signed by the member of the law firm identified or designated on the document, and affidavits of service which were not signed by the person who actually served the papers.

During the course of the hearings with respect to the Civil Court matters, the respondent admitted instances in which he directed others to sign motion papers submitted to the court, notwithstanding that his attestation was required.

In an order dated June 28, 2005, Justice Weinstein found that all of the papers filed by the law firm in the matters pending before the Civil Court were not in compliance with 22 NYCRR 130-1.1a (a) in that they lacked the appropriate attorney's signature. The court found that the respondent and Edward Shapiro shirked their individual responsibility by failing to personally sign the subject papers and, as such, their conduct was frivolous pursuant to 22 NYCRR 130-1.2. Rather than dismiss the underlying actions, the court required that the respondent and Edward Shapiro submit a sworn statement ratifying the signatures on each document that had been affected by their actions. In addition, the court sanctioned the law firm in the total sum of $40,000, representing $10,000 in each of the four individual categories of false signatures. As set forth in the stipulation executed by the respondent, his counsel, and Grievance Counsel on September 24, 2007, the respondent did not make improper submissions in two of the four categories: verified complaints and notices of trial. Accordingly, he was not charged individually with misconduct in those instances.

Charge five alleges that the respondent engaged in conduct that adversely reflects on his fitness to practice law by filing, in the Civil Court of the City of New York, motion papers requiring his attestation, upon which another signed his name, pursu-

ant to his direction, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the factual specifications of charge four.

Charge six alleges that the respondent engaged in conduct that is prejudicial to the administration of justice by filing, in the Civil Court of the City of New York, motion papers requiring his attestation, upon which another signed his name, pursuant to his direction, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), based on the factual specifications of charge four.

The stipulation further provided that the respondent shall have a full opportunity to provide testimony, present supporting and documentary evidence, and call character witnesses in mitigation of his admitted misconduct.

Based on the evidence adduced, the Grievance Committee's motion to confirm the report of the Special Referee is granted, the respondent's cross motion is granted to the extent that so much of the report of the Special Referee as indicates that additional character affirmations were not provided on the respondent's behalf is disaffirmed, and the cross motion is otherwise denied.

In view of the self-reporting of the defects, the respondent's lack of venality, the prompt remedial actions undertaken, his expressed remorse, the full cooperation with both the Grievance Committee and the courts, the respondent's relative youth and inexperience, and the absence of any disciplinary history, the respondent is suspended from the practice of law for a period of six months.

PRUDENTI, P.J., RIVERA, FISHER, LIFSON and DILLON, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is granted to the extent that so much of the report of the Special Referee as indicates that additional character affirmations were not provided on the respondent's behalf is disaffirmed, and the cross motion is otherwise denied; and it is further,

Ordered that the respondent, Jason Moroff, admitted as Jason Adam Moroff, is suspended from the practice of law for a period of six months, commencing October 16, 2008, with leave to apply for reinstatement upon the expiration of said period, upon furnishing satisfactory proof that during said period he: (1)

refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the applicable provisions of 22 NYCRR 691.11 (c) (4), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Jason Moroff, admitted as Jason Adam Moroff, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Jason Moroff, admitted as Jason Adam Moroff, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).