[863 NYS2d 784]

In the Matter of EDWARD SHAPIRO, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT,
Petitioner.

Second Department, September 16, 2008

APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Nancy B. Gabriel* of counsel), for petitioner.

*Sarah Diane McShea*, New York City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated December 8, 2006, containing eight charges of professional misconduct. This is a companion case to *Matter of Moroff* (55 AD3d 200 [2008] [decided herewith]). After a preliminary conference on June 5, 2007, and a hearing on September 24, 2007, Special Referee Mulholland sustained all eight charges. The Grievance Committee now moves to confirm the report of the Special Referee and to impose such discipline as the Court may deem just and proper. The respondent cross-moves to confirm in part and disaffirm in part the report of the Special Referee, and to impose a sanction no greater than a public censure.

Charge one, as amended by stipulation of the parties, alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, by filing, in the District Court, Suffolk County, Third District, affirmations containing misrepresentations, and summonses and complaints which did not bear his true signature, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

In 2004, the respondent's law firm represented three plaintiffs in seven consolidated actions, pending in the District Court, Suffolk County, Third District, before Judge Toni A. Bean, under the caption *MZ Dental, P.C. v Progressive Northeastern Ins. Co.* (hereinafter the Suffolk County matter). The plaintiffs, represented by the respondent's law firm, moved for summary judgment in those actions, which involved the assignment of first-party no-fault benefits. The defendants cross-moved for summary judgment and to disqualify the respondent under the witness-advocate rule on the ground that his testimony was needed to establish a material element of each plaintiff's causes of action.

Each of the motions submitted on behalf of the plaintiffs contained an affirmation by the respondent averring that he

had personally mailed the plaintiffs' no-fault claims on a particular day. The purpose of these submissions was to establish timely mailing of each plaintiff's claim. The respondent's affirmations also indicated that he had mailed each of the plaintiff's no-fault claims. An associate's affirmations in opposition to that branch of the defendants' cross motion which was to disqualify the respondent, however, indicated that a nonlawyer employee of the firm had submitted those claims. The papers filed with the court also revealed dissimilarities between the various signatures of the respondent as well as that of an associate of the law firm.

A hearing was held in the Suffolk County matter on November 19, 2004, to address ethical concerns raised by those irregularities. The respondent admitted at the hearing that a representative of the law firm had mailed the claims. An associate of the respondent's law firm admitted that he had instructed someone else at the law firm to sign his name on documents which required his attestation and which subsequently were submitted to the court.

In an order dated December 23, 2004, Judge Bean found that the respondent had "engaged in a pattern of behavior which can only be characterized as a deliberate attempt to mislead the court." Judge Bean found that the original summons and complaint in each action did not bear the respondent's true signature. The court ruled that the respondent's failure to sign the affirmations nullified the plaintiffs' motions for summary judgment and, therefore, denied all of those motions and dismissed each of the complaints, without prejudice, inasmuch as the respondent had filed summonses and complaints with fraudulent signatures, in violation of 22 NYCRR 130-1.1a, as part of a pattern of deceptive practices. The court found the respondent's conduct frivolous pursuant to 22 NYCRR 130-1.2 in that "[m]aterial factual statements were falsely presented" to it. Judge Bean imposed a total sanction of $35,000 upon the respondent and his associate.

By administrative order dated January 11, 2005, Madeleine A. Fitzgibbon, Supervising Judge of the District Court, Suffolk County, directed the respondent to submit a new summons and complaint bearing his true signature in each case filed prior to the date of the hearing. As a result, the District Court had to deal with the refiling of approximately 4,600 matters.

Charge two alleges that the respondent engaged in conduct that adversely reflects on his fitness to practice law by filing, in

the District Court, Suffolk County, Third District, affirmations containing misrepresentations, and summonses and complaints which did not bear his true signature, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the factual specifications of charge one.

Charge three alleges that the respondent engaged in conduct that is prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), based on the factual specifications of charge one.

Charge four alleges that the respondent, as the supervisor in his law firm, engaged in conduct that failed to ensure that all lawyers in his firm conformed to the disciplinary rules and failed to adequately supervise his associate and the work submitted by the associate to the court, in violation of Code of Professional Responsibility DR 1-104 (a), (b) and (c) (22 NYCRR 1200.5 [a], [b], [c]), based upon the factual specifications of charges one and two.

Charge five, as amended by stipulation of the parties, alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by filing, in the Civil Court of the City of New York, documents which did not bear his true signature, including verified complaints, motions for summary judgment, notices of trial, and affidavits of service of papers on opposing counsel, but were signed by someone other than the respondent or the person who actually served the papers, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

By letter dated January 21, 2005, the respondent, through his counsel, voluntarily self-reported to Fern A. Fisher, Administrative Judge of the Civil Court of the City of New York, Judge Bean's findings and order dated December 23, 2004, and Judge Fitzgibbon's administrative order dated January 11, 2005, and identified the problems that existed in matters filed by the respondent's law firm in the Civil Court in Bronx, Queens, and New York Counties. Judge Fisher directed the respondent to appear before Justice Jeremy S. Weinstein for a status conference and sanction hearing in connection with the matters and problems identified in the letter to Judge Fisher.

The letter identified the following problems with Civil Court matters filed by the respondent's law firm: the respondent's law firm filed verified complaints which bore his purported signature but which he had not signed; motions for summary judgment were interposed in some civil matters containing affirmations of

mailing in the respondent's name which he did not sign; notices of trial in some cases bore the respondent's purported signature although they were not actually signed by him; and affidavits of service of papers on opposing counsel which were not signed by the respondent or the person who actually served the papers.

Five conferences were scheduled between March 3, 2005 and March 31, 2005 to deal with the cases submitted by the respondent's law firm. The respondent admitted that in approximately 95% of the Civil Court matters outstanding since late 2004, he did not actually sign the submitted papers purportedly bearing his signature. He acknowledged that these ranged between 300 and 500 cases per week and that problems existed in the law firm as enumerated by his counsel's January 21, 2005 letter to the court.

An associate of the firm admitted that he had not signed certain motion papers submitted to the court in his name.

In an order dated June 28, 2005, Justice Weinstein found that all of the papers submitted and filed by the respondent's law firm in the matters pending before the Civil Court were not in compliance with 22 NYCRR 130-1.1a (a) in that they lacked the appropriate attorney's signature. The court did not dismiss the underlying actions, but directed the respondent and his associate to submit sworn statements ratifying the signatures on each document submitted by the law firm. The respondent and his associate promptly submitted a sworn statement ratifying the signatures on each document submitted by the law firm in all pending Civil Court matters. The court imposed a sanction upon the firm in the sum of $10,000 for each of the four individual categories of false signatures submitted to the court, which were identified and self-reported in the law firm's January 21, 2005, letter to Judge Fisher, for a total sanction in the sum of $40,000. The respondent's law firm promptly paid the sanction imposed.

Charge six alleges that the respondent engaged in conduct that adversely reflects on his fitness to practice law by filing, in the Civil Court of the City of New York, documents which did not bear his true signature or that of the person who actually served the papers, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based upon the factual specifications of charge five.

Charge seven alleges that the respondent engaged in conduct that is prejudicial to the administration of justice by filing, in the Civil Court of the City of New York, documents which did

not bear his true signature or that of the person who actually served the papers, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), based upon the factual specifications of charge five.

Charge eight alleges that the respondent engaged in conduct that failed to ensure that all lawyers in his firm conformed to the disciplinary rules and failed to adequately supervise his associate and the work submitted by the associate to the court, in violation of Code of Professional Responsibility DR 1-104 (a), (b) and (c) (22 NYCRR 1200.5 [a], [b], [c]), based upon the factual specifications of charge five.

It was stipulated that the respondent would have a full opportunity to present evidence and call character witnesses in mitigation of his admitted misconduct.

Inasmuch as the respondent has accepted full responsibility for this matter, the Special Referee properly sustained the charges and the Grievance Committee's motion to confirm the report of the Special Referee is granted. The respondent's cross motion to confirm in part and disaffirm in part the report of the Special Referee, and to impose a sanction no greater than a public censure, is denied.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider his unblemished history, the absence of venal intent, his expressed remorse, the absence of actual harm to clients, and the remedial measures undertaken.

Under the totality of circumstances, we find that the respondent's misconduct warrants his suspension from the practice of law for a period of six months.

PRUDENTI, P.J., RIVERA, FISHER, LIFSON and MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to confirm in part and disaffirm in part the report of the Special Referee, and to impose a sanction no greater than a public censure is denied; and it is further,

Ordered that the respondent, Edward Shapiro, is suspended from the practice of law for a period of six months, commencing October 16, 2008, with leave to apply for reinstatement upon the expiration of said period, upon furnishing satisfactory proof that during said period he: (1) refrained from practicing or at-

tempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the applicable provisions of 22 NYCRR 691.11 (c) (4), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Edward Shapiro, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Edward Shapiro, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).